SAMUEL H. FREINT ET AL., PROSECUTORS, v. BOROUGH OF DUMONT, DEFENDANT.

Submitted May 15, 1931—Decided November 27, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutors, *Mackay & Mackay* and *Clyde Christie*.

For the defendant, *Albert J. Wuytack* (*James De Turck*, on the brief).

The opinion of the court was delivered by

DONGES, J.   This writ of *certiorari* brings up an ordinance of the borough of Dumont, repealing a zoning ordinance previously adopted by a 3 to 2 vote of the council.

The first question raised is whether the repealing ordinance was properly adopted inasmuch as the vote thereon was five in favor of repeal and one against adoption of such ordinance.

In the borough of Dumont there are six councilmen and the mayor who, under the statute, constitute the council of

the borough, which is the legislative body. By section 2 of chapter 274 of the laws of 1928, known as the Zoning Enabling act, it is provided that the term "governing body" shall be construed to mean the board or body in each municipality empowered by statute to exercise general legislative power therein. By section 8 of that act it is provided that zoning regulations, limitations and restrictions may be amended, changed, modified or repealed, and the boundary of such districts may be changed by ordinance. It further provides that if twenty per centum or more of the owners in the immediate area to be affected protest against such change, such "amendment shall not become effective except by the favorable vote of three-fourths of all the members of the governing body."

The fact is that the mayor was absent for more than three days at the time of the adoption of the repealing ordinance, being out of the state on account of illness. He notified the president of council in writing of his intended absence, and the president of council was performing the duties of mayor. Five of the six councilmen, including the president of council, voted for the repeal and it is insisted that three-fourths of the council did not vote in favor of such repeal because the three-fourths must be computed upon the basis of the governing body being composed of the mayor and six councilmen, that is to say, upon the basis of seven members, so that six votes were required to constitute three-fourths of the governing body.

There may be some doubt whether repeal of an ordinance is strictly within the terms of the section which requires a three-fourths vote of all the members to render an "amendment" effective, as urged by respondent. However, if prosecutors' view of that question be adopted, for the purpose of passing the repealing ordinance three-fourths of six were all that were required to adopt the ordinance because it is provided in the Borough act, section 23 (*Comp. Stat., p.* 237, that the mayor shall not vote except to give the casting vote in case of a tie. Therefore, in the situation presented, to adopt prosecutors' view would mean that the unanimous

vote of all the councilmen was required because, if the basis of computation is seven, three-fourths of seven is six, and the mayor having no vote, the full membership of council would be required, and we think this is not the proper interpretation of the act. We, therefore, conclude that, without passing upon the question as to whether or not the statute requires a three-fourths vote for repeal, three-fourths of the votes of the council were cast in favor of the repealing ordinance. *Hawkins* v. *Cook*, 62 *N. J. L.* 84; *Armstrong* v. *Whitehead*, 67 *Id.* 405; *Day* v. *Lyons*, 70 *Id.* 114, all support the view that the members of the council are six in number and that the mayor is not to be computed as a member except in the situations mentioned in the statute, among which are to constitute a quorum for the transaction of business and to break a tie.

It is contended that the president of council upon becoming acting mayor, was not permitted to vote except to break a tie, and that, therefore, there were but four legal votes cast in favor of the adoption of the ordinance. The statute provides (*Comp. Stat., p.* 237, § 24) that the president of council "shall have the right of debate and vote on all questions before the council." By assuming the duties of mayor, in the absence of the mayor, the president of council did not cease to be a councilman and was not deprived of the right to vote as such councilman upon all questions before the council.

Prosecutor further contends that the ordinance was not properly approved because, in the absence of the mayor, the president of council approved the ordinance by signing his name and appending "President of Council." It is urged that the title "acting mayor" or some such designation should have been used. The statute provides that the president of council shall perform all the duties of the mayor, during the absence or disability of the mayor. The president of council performs such duties by reason of his being president of council, and, therefore, his approval of an ordinance in virtue of his office as such president is in compliance with the statute, if done during the time he is exercising the duties of the office of mayor. He approved it after its due passage and

during the absence of the mayor. In our view it was not necessary to delay approval for five days to afford the mayor an opportunity to express approval or disapproval if, perchance, he should return to his duties within the five-day period limited by statute for approval or disapproval by the person exercising the duties of the office of mayor.

It is further urged that the adoption of the repealing ordinance was an abuse of discretion, but we think this is not true, and that it was within the competence of the borough council in the circumstances to repeal the ordinance and to give the whole matter further consideration.

We have considered the other questions raised and deem them to be without merit.

The writ of *certiorari* is dismissed, with costs.